IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| FAUSTINA PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DUKE UNIVERSITY, DUKE | ) | 14CV1062 |
| UNIVERSITY HEALTH SYSTEM, | ) | |
| INC., DUKE UNIVERSITY | ) | |
| DISABILITY PROGRAM, and | ) | |
| LIBERTY MUTUAL GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Faustina Patterson filed suit against Duke University, Duke University Health System, Inc., Duke University Disability Program, and Liberty Mutual Group, Inc. (collectively "Defendants") alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). This matter is before the Court on Defendants'[1] unopposed motion to dismiss Ms. Patterson's second claim for relief and all claims under the North Carolina Declaratory Judgment Act for failure to state a

---

[1] Defendants assert that Ms. Patterson incorrectly identified Liberty Mutual Group, Inc. as a defendant, when its correct name is Liberty Life Assurance Company of Boston. (Doc. #16 at 1.) Therefore, all references to Defendants in this Memorandum Opinion and Order includes Liberty Life Assurance Company of Boston, rather than Liberty Mutual Group, Inc. Ms. Patterson, though, has not moved to amend the Complaint to reflect the alleged proper identification of this defendant.

claim. (Doc. #15.)  After the time passed for Ms. Patterson to respond to Defendants' motion, the Clerk notified her counsel that the motion would be referred to the Court for consideration of the unopposed motion unless she intended to oppose the motion and could show excusable neglect for failing to respond timely. (Doc. #17.)  Two days later, Ms. Patterson's counsel telephonically notified the Court that Ms. Patterson would not be filing a response to Defendants' motion.

When a non-moving party fails to file a timely response to a motion, "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." L. Civ. R. 7.3(k). See Alexander v. Carolina Fire Control, Inc., No. 1:14CV74, 2014 WL 3729546, *6 (M.D.N.C. July 25, 2014) (listing cases granting unopposed motions to dismiss).  Therefore, because Ms. Patterson not only failed to file a timely response in opposition to Defendants' motion, but also affirmatively informed the Court that she would not be doing so, the second claim for relief and all claims under the North Carolina Declaratory Judgment Act may be dismissed for these reasons.

Even if the Court were to consider whether Ms. Patterson sufficiently stated a claim for relief, Defendants' motion would be granted.  A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to

2

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. at 1965); see also McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015) (noting that a complaint must "contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face in the sense that the complaint's factual allegations must allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

In her Complaint, Ms. Patterson asserts two claims for relief. In the first, pursuant to 29 U.S.C. § 1132(a)(1)(B) (§ 502(a)(1)(B) of ERISA), she seeks recovery of benefits she alleges are due to her under the terms of the Duke University Disability Program ("the Program"). (Doc. #8 ¶¶ 16-19.) She specifically seeks "at least the sum of $13,200.00 to date, plus interest, costs and reasonable attorney's fees." (Id. ¶ 19.) In the second claim for relief, pursuant to 29 U.S.C. § 1132(a)(3) (§ 502(a)(3) of ERISA), Ms. Patterson seeks equitable relief. (Id. ¶¶ 20-23.) Although she does not

3

Case 1:14-cv-01062-NCT-LPA   Document 18   Filed 09/23/15   Page 3 of 8

allege a separate claim for relief under the North Carolina Declaratory Judgment Act, Ms. Patterson alleges that she is bringing the suit not only under ERISA, but also pursuant to the North Carolina Declaratory Judgment Act. (Id. opening ¶.)

A participant in or beneficiary of a plan covered by ERISA may bring a civil action to recover benefits due to her, to enforce her rights, or to clarify her rights. 29 U.S.C. § 1132(a)(1)(B). A plan participant or beneficiary may also bring a civil action to enjoin an action or practice that violates subchapter I of ERISA or the plan's terms or to obtain other "appropriate equitable relief." Id. § 1132(a)(3).

Section 1132(a)(3) is a "catchall" provision that provides "appropriate equitable relief" as a "safety net" when no other provision in § 1132(a) provides an "adequately remedy." Varity Corp. v. Howe, 516 U.S. 489, 512, 116 S. Ct. 1065, 1078 (1996) (finding relief under § 1132(a)(3) appropriate where plaintiffs "must rely on the third subsection or they have no remedy at all"). "[W]here Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" Id. at 515, 116 S. Ct. at 1079.

4

For example, in Korotynska v. Metro. Life Ins. Co., 474 F.3d 101 (4th Cir. 2006), the plaintiff brought suit solely for equitable relief under § 1132(a)(3) when her long-term disability benefits were terminated, and the defendant moved to dismiss. The court found that there was "no question" that section 1132(a)(1)(B) "squarely addresse[d[ [the] plaintiff's injury." Id. at 106. Affirming the district's court's dismissal of the § 1132(a)(3) claim, the court held "that § 1132(a)(1)(B) afford[ed] the plaintiff adequate relief for her benefits claim, and a cause of action under § 1132(a)(3) [was] thus not appropriate." Id. at 107. Cf. Varity, 516 U.S. at 515, 116 S. Ct. at 1079 (finding relief under § 1132(a)(3) appropriate because the plaintiffs could not proceed under § 1132(a)(1)(B) because they were no longer members of the plan and, therefore, had no benefits due to them). See also Smith v. Sydnor, 184 F.3d 356, 362 (4th Cir. 1999) (explaining that a claim for breach of fiduciary duty under § 1132(a)(3) is actually a claim for benefits due if the resolution of the claim requires an interpretation and application of the ERISA-regulated plan rather than an interpretation and application of ERISA); Jenkins v. Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Ironworkers Local No. 79 Pension Fund, No. 2:14CV526, 2015 WL 1291883, *8 (E.D. Va. Mar. 20, 2015) (dismissing § 1132(a)(3) claim as a "'repackaged' denial of benefits claim[]").

5

Here, the clear focus of Ms. Patterson's suit is the denial of benefits she alleges are due to her. She alleges that she "timely and properly made an application for long term disability benefits," which was approved. (Doc. #8 ¶ 10.) She received disability benefits from October 23, 2009 through October 23, 2011, while she was allegedly under the regular care of a physician for her disabling conditions. (Id. ¶¶ 10-11.) On October 20, 2011, allegedly "without any basis in law or medical fact, and in willful disregard of the clear language of the [Program]," Defendants terminated her long-term disability benefits effective October 23, 2011. (Id. ¶ 12.) Ms. Patterson claims that, in so doing, Defendants "purposely ignored the clear language of the [Program]." (Id. ¶ 12.) Allegedly, soon after Defendants terminated her benefits, she "timely and properly appealed the termination of her long term disability benefits" twice, but both appeals were denied. (Id. ¶ 13.) Ms. Patterson ultimately alleges that Defendants "denied and refused to pay [her] her long term disability benefits in at least the amount of $13,320.00 to date." (Id. ¶ 15.)

As in Korotynska, § 1132(a)(1)(B) affords Ms. Patterson an adequate remedy for her claimed denial of benefits. Furthermore, resolution of her claims requires a review, interpretation, and application of the Program, an ERISA-regulated plan, not simply a review, interpretation, and application of

6

ERISA. Therefore, Ms. Patterson's second claim for relief seeking equitable relief under § 1132(a)(3) is dismissed.

In addition, ERISA preempts any claims that Ms. Patterson has made under the North Carolina Declaratory Judgment Act. With certain exceptions not applicable here, ERISA supersedes a state law that "relate[s] to any employee benefit plan." 29 U.S.C. § 1144(a). Therefore, a court must determine if state law claims "that are said to implicate ERISA" are preempted. Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 187 (4th Cir. 2002). Relevant here, ERISA completely preempts state law claims that fall within the civil enforcement scope of § 1132(a). Id. (citing Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S. Ct. 1542). See also Baumgartner v. Baltimore Gas & Elec. Co., No. CCB-03-1770, 2004 WL 964205, *3 (D. Md. Apr. 27, 2004) (finding removal jurisdiction under ERISA despite the plaintiff's characterizing his claim as one for declaratory relief under state law). Therefore, ERISA preempts any claims Ms. Patterson may have asserted under the North Carolina Declaratory Judgment Act and those claims are also dismissed.

For the reasons stated herein, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Count Two of Plaintiff's Complaint and All

7

Claims under the North Carolina Declaratory Judgment Act (Doc. #15) is GRANTED.

This the 23rd day of September, 2015.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge

8

Case 1:14-cv-01062-NCT-LPA   Document 18   Filed 09/23/15   Page 8 of 8